**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE: <br><br> **VINROY W. REID, DEBTOR** <br><br><br> Y2 YOGA COTSWOLD, LLC, PLAINTIFF <br><br> VS. <br><br> V.R.KING CONSTRUCTION LLC, <br> VINROY REID ET AL, DEFENDANTS | Case No. 18-31436 <br><br> Chapter 13 <br><br> Adversary Proceeding No: 19-03049 |

NOW COMES the Defendant Vinroy W. Reid (hereinafter referred to as "Defendant" or "Reid"), by and through the undersigned attorney, answering Plaintiffs Complaint for Declaratory Relief to Confirm Validity etc., as follows:

### ANSWER

### JURISDICTION AND VENUE

1. Paragraphs 1-3 are hereby admitted;

2. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 4-6 ;

**THE CONSTRUCTION AGREEMENT AND STATE COURT LITIGATION**

3. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 7-11;

**Y2'S COMPLIANCE WITH NORTH CAROLINA ATTACHMENT STATUTE**
**AND VALIDITY OF ATTACHMENT LIENS**

4. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 12-28 ;

## DEBTOR'S FIRST UNSUCCESSFUL EFFORT TO DISSOLVE THE ATTACHMENT ORDERS

5. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 29-30 ;

## THE DEBTOR'S FILING OF BANKRUPTCY PROCEEDING ATTEMPTING TO STAY THE JURY TRIAL

6. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 31-33;

## DEBTOR'S SECOND UNSUCCESSFUL EFFORT TO DISSOLVE THE ATTACHMENT ORDERS

7. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 34-37;

## JURY VERDICT AND ENTRY OF JUDGMENT IN FAVOR OF Y2

8. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 38-48;

## Y2'S INDEMNITY CLAIMS ARISING FROM THE DEBTOR'S BREACH OF THE CONSTRUCTION AGREEMENT

9. Paragraphs 49-50 and 50 are hereby admitted;

10. Paragraphs 51 and 52 are hereby denied;

11. Paragraph 53, is admitted to the extent that 11 USC Sect 506(b) speaks for itself and is denied as to all other allegations;

12. Paragraph 54. Defendant has insufficient information to admit nor deny;

13. Paragraphs 55-62 are hereby denied;

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment Concerning the Validity, Perfection and Enforceability of Y2's**

**Attachment Line on Real Property Owned by Debtor)**

14. Paragraph 63 requires no answer;

15. Paragraph 64 is hereby admitted;

16. Paragraphs 65 is hereby denied;

17. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 66-68 is neither admitted nor denied;

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment that Y2's Attachment Liens Have Priority Over the Trustee's Rights in the First and Second Attached Properties, and are not Avoidable by the Trustee)**

18. Paragraph 69 requires no answer;

19. Paragraph 70 is hereby denied;

20. Defendant, Vinroy W. Reid has insufficient information to either admit nor deny paragraphs 71-73;

**THIRD CLAIM FOR RELIEF**

**(Allowance of Y2's Indemnity Claims Pursuant to 11 USC Sect. 506(b))**

21. Paragraph 74 requires no answer;

22. Paragraph 75 is hereby denied;

23. Paragraph 76 -79 are hereby denied; and

24. Defendant has insufficient facts to admit or deny Paragraph 80-83.

**DEFENDANT VINROY REID'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

North Carolina law states that it is against public policy to have an indemnity clause in a construction or service contract.

**SECOND AFFIRMATIVE DEFENSE**

**FAILURE OF CONDITION PRECEDENT**

To the extent applicable and as may be established through discovery, Plaintiff's claims related to any contract between the parties are barred, in whole or in part, by failure to perform a condition precedent to same.

## THIRD AFFIRMATIVE DEFENSE
## ESTOPPEL

To the extent applicable and as may be established through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. One significant reason is that Plaintiff could have and should have pursued its indemnification claim in state court when it pursued its costs for state court litigation.

## FOURTH AFFIRMATIVE DEFENSE
## IMPOSSIBILITY

To the extent applicable and as may be established through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of impossibility.

## FIFTH AFFIRMATIVE DEFENSE
## UNCLEAN HANDS

To the extent applicable and as may be established through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
## RES JUDICATA

To the extent applicable and as may be established through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## SEVENTH AFFIRMATIVE DEFENSE
## WAIVER

To the extent that Plaintiff is now requesting attorney fees for fees arising in the state court litigation, which it failed to request during the state court proceedings, this claim has been waived.

## EIGHTH AFFIRMATIVE DEFENSE
## ILLEGALITY

It is against North Carolina public policy to attempt to collect attorney fees through an indemnity clause included in a construction or service contract.

## NINTH AFFIRMATIVE DEFENSE
## UNCONSCIONABILITY

To the extent applicable and as may be established through discovery, Plaintiff's claims are barred in whole or in part, by the doctrine of unconscionability.

## TENTH AFFIRMATIVE DEFENSE
## ATTORNEY FEES ARE NOT RECOVERABLE

Attorney fees are not recoverable due to the fact that there is no statute section or contract provision allowing for attorney fees.

## ELEVENTH AFFIRMATIVE DEFENSE
## LACHES

To the extent applicable and as may be established through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of Laches.

## TWELFTH AFFIRMATIVE DEFENSE

## MERGER

To the extent that Plaintiff sued and recovered a judgment in state court, Plaintiff is limited to its remedies in the judgment under the merger doctrine, in which the cause of action merges into the judgment.

## OTHER AFFIRMATIVE DEFENSES

Defendant Vinroy W. Reid hereby reserves the right to assert all affirmative defenses, including, without limitation, those provided under the Federal Rules of Civil Procedure and Rule 8 of the North Carolina Rules of Civil Procedure, as may be appropriate after completion of discovery.

This is the 22nd day of October, 2019.

/s/Verna Bash-Flowers
Attorney for the Defendant, Vinroy W. Reid
State Bar No. 38937
PO Box 927
Lowell, NC 28098
888-573-7779 (Phone)
877-261-2710 (Fax)
vnclaw.bashflowers@outlook.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I served a true copy of the the Defendant Vinroy W. Reid's Answer and Special Defenses this 22nd day of October, 2019 on:

Shelley K. Abel, Bankruptcy Administrator (via ECF); James H. Henderson (via ECF); A. Burton Shufford, Trustee (via ECF); and Vinroy W. Reid (via e-mail).

This is the 22nd day of October, 2019.

                                                  **/s/Verna Bash-Flowers**
                                                  Attorney for the Defendant Vinroy W. Reid
                                                  State Bar No. 38937
                                                  PO Box 927
                                                 Lowell, NC 28098
                                                 888-573-7779 (Phone)
                                                 877-261-2710 (Fax)
                                                 vnclaw.bashflowers@outlook.com