IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:   VINROY W. REID              ) | |
|                                                         ) | CHAPTER 13 CASE NO.: 18-31436 |
| DEBTOR                                         ) | |
| Y2 YOGA COTSWOLD, LLC        ) | ADV. PROC. NO.: 19-03049 |
|             Plaintiff                             ) | |
| V.                                                   ) | |
| VINROY W. REID,  V.R. KING      ) | |
| CONSTRUCTION, LLC              ) | |
| A. BURTON SHUFORD               ) | |
|             Defendants                         ) | |

## RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS/ ALTERNATE MOTION FOR SUMMARY JUDGMENT

Defendant, Vinroy W. Reid responds to Plaintiff's Motion for Judgment on the Pleadings/Alternate Motion for Summary Judgment ("Motion") as follows:

1. Defendant agrees that the Complaint for the Adversary Proceeding was filed on August 23, 2019, as alleged in Paragraph 1;

2. Defendant agrees that he filed an Answer on October 23, 2019 as alleged in Plaintiff's Paragraph 2 of the Motion;

3. Defendant agrees that the Trustee filed an Answer on on October 24, 2019 as alleged in Plaintiff's Paragraph 3 of the Motion;

4. Defendant is in agreement with the Court taking judicial notice of the records related to State Court litigation between the parties (the "state court records") and schedules filed in the Debtor's bankruptcy case. Regarding the remaining allegations contained in Paragraph 4 no response is required but to the extent a response is necessary, the allegations are denied;

5. The allegations contained in Plaintiff's Motion, Paragraph 5 are denied. Defendant Vinroy W. Reid's Answer to Plaintiff's Complaint are more than simply denials; they in fact raise valid defenses to the Plaintiff's claims;

6.-7. Defendant denies the allegations of Plaintiff in these Paragraphs; and

8. Defendant stands silent on the allegations of Plaintiff's Paragraph 8

Defendant Vinroy W. Reid hereby presents his arguments in support of his Motions for the Dismissal and/or Denial of the Plaintiff's Complaint filed in this proceeding:

1. Denial of the Motion and/or dismissal of the Complaint are required because the Plaintiff did not properly perfect it's attachment liens by filing a lis pendens. Therefore the liens are not protected from the Trustee's Section 544(a) "strong arm powers." Under North Carolina law, a *lis pendens* preserves the priority of a lien that arises after an order of attachment has been perfected by judgment and levy. In re Medlin, 229 B.R. 353, 358 (Bankr. E.D.N.C. 1998); see also N.C. Gen. Stat. § 1-118 (stating that a purchaser or encumbrancer receives constructive notice by a crossindexing of a *lis pendens*). Therefore, Defendant alleges that as a subsequent bona fide purchaser or hypothetical lien creditor it will take the property subject to a properly recorded notice of *lis pendens*. Id (holding that a *lis pendens* filed eleven months before the debtor filed for bankruptcy entitled the creditor to priority as against subsequent lienors or bona fide purchasers); cf. Cutter v. Cutter Realty Co., 265 N.C. 664, 144 S.E.2d 882 (1965).

In the present case the Plaintiff has not provided documentation evidencing that it has provided notice to the Defendants by a cross-indexing of a *lis pendens*. As a result, Plaintiff's pre-petition attachment liens have not been perfected as it relates to this Bankruptcy proceeding and its post-petition judgment is void ab initio. Defendant believes that Plaintiff's post-petition judgment is a preference, and since Plaintiff did not file a *lis pendens* it failed to perfect its liens.. Defendant further believes that the Court in *Medlin* explained it best when it opined, " the advantage of *lis pendens,* however, is that it fixes the priority of the lien that arises when the order of attachment is subsequently perfected by judgment and levy. "The date to which the lien relates back . . . , with respect to real property, is the time at which the notice of the order of attachment is docketed in the record of *lis pendens* in the Country where the property is located." Id.; see also N.C. Gen. Stat. § 1-440.33(b)(1). Thus, a subsequent bona fide purchaser or lien creditor takes the property subject to a properly recorded notice of *lis pendens. Cf.* Cutter v. Cutter Realty Co., 265 N.C. 664, 144 S.E.2d 882 (1965)

2. Denial of the Motion and/or dismissal of the Complaint are required pursuant to the provisions of N.C.G.S. Sect. 22-B-1 which states that Construction Indemnity Agreements are invalid under Public Policy and are therefore null and void.

Pursuant to N.C.G.S Sect. 22B-1, a party can seek indemnity for the sole negligence of another party. However , Y2 Yoga did not recover under a negligence claim and they chose their sole remedy under a breach of contract claim. If Plaintiff wanted to claim indemnity and attorneys' fees under the contract, they should have specifically asked the Judge for these claims during the State Court proceedings.

Moreover, Plaintiff could have appealed the jury verdict and all other orders denying their numerous prayers for relief, to the Court of Appeals, which they failed to do. Instead, Plaintiff chose to pursue their claims in Bankruptcy Court. Defendant believes that Plaintiff is unequivocally wrong about it's claims for indemnification.

It should be noted that Y2 Yoga amended its pleadings at least 2-3 times and they were represented by two different law firms in the State Court proceedings, still never properly presenting the indemnity issue. Additionally, pursuant to the Directed Verdict Order by Judge Hoover found in favor of the Defendants on the negligence and gross negligence claims. As such, Plaintiff cannot prove sole negligence as required under N.C.G.S Section 22B-1 as a basis for enforcing an indemnity clause in a construction contract.

3. Denial of the Motion and/or dismissal of the Complaint are required pursuant to the Doctrine of Collateral Estoppel which applies to this matter because (1) A final Judgment was entered in State Court; (2) The issues raised in the Plaintiff's action currently pending in Bankruptcy Court are identical to those raised in the prior State Court Proceedings; (3) The State Court that heard the prior matter was a Court of competent jurisdiction; and (4) the parties to both cases are identical.

It should further be noted for the record that the Plaintiff argued the incorporation of the entire contract into the breach of contract claim in all of their State pleadings, their State Court discovery, and again at trial. Plaintiff also recovered prejudgment interest on the breach of contract claim. Accordingly the record shows that the claim Plaintiff is alleging here in Bankruptcy Court was definitely tried at the State Trial Court level as evidenced by the fact that it was the Plaintiff's only means of recovery.

Y2 Yoga could have appealed the jury verdict and all other Orders denying their numerous prayers for relief, to the court of appeals which they failed to do. Instead, they chose to pursue their claims in Bankruptcy Court.

4. Denial of the Motion and/or dismissal of the Complaint are required pursuant to the Doctrines of res judicata and Merger which apply in this case. Under res judicata, a cause of action may not be relitigated once it has been judged on the merit and by virtue of Merger, a Plaintiff may not try to recover more damages for a claim or cause of action which has been judged on the merits. It should be noted for the record that Plaintiff argued the incorporation of the entire contract into the breach of contract claim in all of their State Court pleadings, their State Court discovery, and again at trial. Plaintiff also recovered prejudgment interest on the breach of contract claim. Thus the record shows that the claim Plaintiff is alleging here in Bankruptcy Court, was definitely tried at the State Trial Court level as evidenced by the fact that it was Plaintiff's only means of recovery. As mentioned previously, Plaintiff received a Final Judgment through the State Court on damages so it cannot now come into Bankruptcy Court seeking to relitigate the same causes of action to recover additional damages.

Moreover, Plaintiff could have appealed the jury verdict and all other Orders denying their numerous prayers for relief, to the Court of Appeals which they failed to do. Instead, Plaintiff chose to pursue their claims in Bankruptcy Court.

**WHEREFORE**, the Defendant, for the afore-enumerated reasons respectfully requests:

      1.  That the Court deny Plaintiff's Motion for Judgment on the Pleadings/Motion for Summary Judgment;

      2.  That the Court Dismiss the Plaintiff's Complaint;

      3.  In the event that the Court does not grant a dismissal of the Complaint, the Defendant reserves the right to argue all Special Defenses enumerated in its Answer; and

      4.  That the Court grant such further relief that it deems just and equitable under the circumstances.

Dated at Gastonia, North Carolina on this 29th day of April, 2020.

                      THE DEFENDANT,
                      VINROY W. REID

     By:      /s/: Verna Bash-Flowers
             Verna Bash-Flowers, His Attorney
             NC Bar No: 38937
             PO Box 927
             Lowell, NC 28098
             704-691-7220 (Phone)
             877-261-2710 (Fax)
             vnclaw.bashflowers@outlook.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response was served on the following:

Shelley K. Abel, US Bankruptcy Administrator; James H. Henderson, Attorney for Y2 Yoga Cotswold, LLC; Robert Lewis, Jr., Attorney for VR King Construction, LLC; A. Burton Shuford, Attorney and Trustee for Vinroy W. Reid and VR King Construction; and all parties having requested notice under Rule 2002, via electronic mail only. The Debtor/Defendant, Vinroy W. Reid, Debtor/Defendant was served via e-mail at: vinroyreid8@gmail.com.

This is the 29, day of April, 2020.

                                                       /s/: Verna Bash-Flowers  
                                                    Verna Bash-Flowers, Esq.  
                                                    NC Bar No: 38937  
                                                    PO Box 927  
                                                    Lowell, NC 28098  
                                                    704-691-7220 (Phone)  
                                                    877-261-2710 (Fax)  
                                                    vnclaw.bashflowers@outlook.com