UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) <br> ) <br> VINROY W. REID, ) <br> ) <br> Debtor. ) <br> ) <br> Y2 YOGA COTSWOLD, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINROY W. REID; V. R. KING ) <br> CONSTRUCTION, LLC; A. BURTON ) <br> SHUFORD, as Chapter 7 Trustee for V.R. KING ) <br> CONSTRUCTION, LLC and VINROY REID, ) <br> ) <br> Defendants. ) <br> ) | Case No. 18-31436 <br> Chapter 7 <br><br> Adversary Proceeding <br> No. 19-03049 |

**REPLY BRIEF OF DEFENDANT A. BURTON SHUFORD,
TRUSTEE FOR VINROY W. REID**

NOW COMES A. Burton Shuford, Trustee for Vinroy W. Reid, a defendant herein ("**Defendant**"), and hereby makes this Reply memorandum in response to the Supplemental Brief filed by Plaintiff on May 29, 2020 (ECF No. 51) ("**Supplemental Brief**") as follows:

**STATEMENT OF FACTS**

The Defendant adopts and includes herein the Statement of Facts as set out in his Supplemental Brief (ECF No. 48) filed with this Court.

# ARGUMENT

I. *Rushton v. State Bank (In re Gledhill)*, 164 F.3d 1338, 1342 (10th Cir. 1999) is directly applicable to this case

Plaintiff attempts to distinguish *Gledhill* when counsel says that "*Gledhill* involved a creditor's deficiency judgment, not an indemnification agreement under which Plaintiff's cause of action arguable accrued post-petition." Supplemental Brief, (ECF No. 51), p. 3. This argument misses the point of *Gledhill*. The point of *Gledhill* is that a creditor is not entitled to attorney's fees under 11 U.S.C. §506(b) if the creditor's lien "arose not by agreement but by operation of law and gave rise only to nonconsensual claim. See: *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989)." *Gledhill*, p. 1342. Our case is on all fours with *Gledhill* regarding the manner in which the lien arose. Y2's lien is solely the result of Y2's judgment lien upon the real estate of the various debtors and not pursuant to any agreement.[1] Thus, in accordance with the holding in *Gledhill*, Plaintiff's lien arose by operation of law and is a nonconsensual lien which does not entitle it to the allowance of attorney's fees under § 506(b).

II. *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F3d 158 (4th Cir. 2018)[2] is directly applicable to this case

Plaintiff in its Supplemental Brief argues that the *Legacy Data* case:

> …is not instructive as to the issues before the Court in this case. *Legacy Data* concerned statutory legal fees under N.C. Gen. Stat. §6-21.56 (when the court finds there is 'complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading') and N.C. Gen. Stat. §1D-45 (fees may be awarded to a party defending against a punitive damages claim when claimant

---

[1] Plaintiff in its Brief of Y2 Yoga Cotswold, LLC in Support of Motion for Judgment on the Pleading, Alternative Motion for Summary Judgment [Doc. No. 16] (ECF No. 31) states on page 4, "a) Y2 is the holder of a valid and unavoidable judgment lien on real property owned by the Debtors;"
[2] See also, *Dianne M. Peters, Legacy Data Access, Inc. v. Cadrillion, LLC, et al*, Civil Action No 3:15-CV-00163-FDW-DCK, the opinion of the District Court after remand of the case from the Fourth Circuit. Copy of unreported case attached to Supplemental Brief of Defendant (ECF No. 48).

2

know *(sic)* or should have known that the punitive damage claim was frivolous or malicious.)" Supplemental Brief, (ECF No. 51), p. 3.

Plaintiff's counsel is correct that the *Legacy Data* case does discuss attorney's fees claims under N.C. Gen. Stat. §6-21.56 and N.C. Gen. Stat. §1D-45. However, *Legacy Data* also discusses attorney's fees under N.C. Gen. Stat. §6-21.6. The Fourth Circuit, in its opinion given while the case was on appeal, said:

> Under North Carolina law, '[i]f a business contract …contains a reciprocal attorneys' fees provision, the court …may award reasonable attorneys' fees in accordance with the terms of the business contract.' N.C. Gen. Stat. §6-21.6(c) (2015). *Legacy Data*, p. 168.

The Fourth Circuit then went on to vacate the attorneys' fees awarded by the district court and because the Fourth Circuit had ordered a new trial on contract damages and the outcome of the new trial might very well change the results obtained by the plaintiff, the trial court was required to reconsider the request for attorneys' fees under § 6-21.6.

Finally, the district court in its ruling issued after remand said:

> Plaintiffs have moved for an award of attorney's fees in the amount of $1,463,054.00, pursuant to the APA's reciprocal attorney's fee provision and N.C. Gen. Stat. §6-21.6. *Peters, p.* 10.

The above make it beyond dispute that the *Legacy Data* cases did construe and more importantly apply § 6-21.6. These cases provide important guidance to this court as it considers Y2's attorney's fee claim.

III. The Court should determine the reasonableness of Plaintiff's attorney's fees pursuant to the standards set out in § 6-21.6

Plaintiff in its Supplemental Brief states that *Unsecured Creditors' Committee v. Walter E. Heller & Co., Southeast, Inc.* 768 F.2d 580 (4th Cir. 1985), requires this court to apply federal law in its analysis of an attorney's fee claim. That statement is correct, but *Heller* does not stand

3

for the proposition that State law is to be entirely disregarded when attorney's fee claims are analyzed.

Federal law provides that for attorney's fees to be allowed, the court must find the fees to be reasonable. ("The majority view this is that reasonable attorney's fees can comprise part of an oversecured creditor's allowed secured claim. *Heller,* p. 585). The issue before the *Heller* court was: Can a creditor have its attorney's fee claim allowed pursuant to § 506(b) despite its failure to comply with the notice requirements of N.C. Gen. Stat. §6-21.2(5)?[3] Heller failed to give the debtor the notice required under State law, but claimed that, notwithstanding that failure, under Federal law it was nevertheless entitled to allowance of its attorney's fees under § 506(b). The Unsecured Creditor's Committee objected to allowance of the fees on the basis that the notice required by § 6-21.2(5) was not given. To resolve this dispute, the *Heller* court conducted a very deep dive into the legislative history of § 506(b) as originally passed by Congress in 1978. As a result of that work, the Fourth Circuit concluded:

> In sum, we conclude that, in rejecting the House version of 506(b), Congress intended to abrogate the pre-existing requirement that attorney's fee agreements were enforceable only in accordance with state law. Such agreements are now enforceable notwithstanding **contrary law**. (emphasis added) *Heller,* p. 585.

The *Heller* court found that the five day requirement imposed by § 6-21.2(5) was contrary law which was abrogated by Congress when it passed § 506(b). Thus, the Fourth Circuit held that "Heller is entitled to enforcement of its attorney's fee agreement despite its failure to comply with the North Carolina notice requirement". *Heller* p. 585. In a footnote, the Heller court explained why it found § 6-21.2(5) to be contrary law. It stated

> We reject the argument of the Unsecured Creditor's committee that N.C. Gen. Stat. §6-21.2(5) is not 'contrary law'. The North Carolina statute, *supra* n. 3, contemplates that a creditor give a debtor five days notice after default.

---

[3] The notice requirements of § 6-21.2(5) provide that "attorney's fee agreements are only enforceable after a creditor gives five days notice to the debtor after default." *Heller*, p. 582.

4

*Id*....Because the purpose of the North Carolina statute is to make attorney's fee agreements unenforceable in certain circumstances, the statute clearly constitutes 'contrary law.' *Heller,* p. 585.

Conversly, §6-21.6 is not contrary law and was not abrogated by Congress when it is used to gauge the reasonableness of attorney's fees. Both the N.C Statute and Federal law require that attorney's fees, to be allowable, must be reasonable. Section 6-21.6 merely provides a framework for determining the reasonableness of the attorney's fee request in the context of reciprocal attorney's fee agreements. It is not contrary, but complementary to Federal law and should be followed by this court in its analysis of Y2's attorney's fee claim. As previously argued, Y2 has failed to support the reasonableness of its claim pursuant to §6-21.6 and, at a minimum, granting summary judgment is not appropriate.

WHEREFORE, for the foregoing reasons, the Defendant respectfully prays this Court deny the Plaintiff's Motion for Summary Judgment.

This 5th day of June, 2020.

            /s/ A. Burton Shuford
           A. Burton Shuford, NCBN 10035
           4700 Lebanon Road, Suite A-2
           Mint Hill, NC 28227
           Direct Dial: (980) 321-7000; bshuford@abshuford.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | **)** | |
| | **)** | |
| VINROY W. REID, | **)** | Case No. 18-31436 |
| | **)** | Chapter 7 |
| Debtor. | **)** | |
| | **)** | |
| Y2 YOGA COTSWOLD, LLC, | **)** | |
| | **)** | Adversary Proceeding |
| Plaintiff, | **)** | No. 19-03049 |
| | **)** | |
| v. | **)** | |
| | **)** | |
| VINROY W. REID; V. R. KING | **)** | |
| CONSTRUCTION, LLC; A. BURTON | **)** | |
| SHUFORD, as Chapter 7 Trustee for V.R. KING | **)** | |
| CONSTRUCTION, LLC and VINROY REID, | **)** | |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

CERTIFICATE OF SERVICE

The undersigned certifies that on the date set forth below, this was served via the method noted to the following:

Shelley K. Abel, U.S. Bankruptcy Administrator          Via Electronic Case Filing
James H. Henderson, Counsel for Y2 Yoga Cotswold, LLC   Via Electronic Case Filing
Verna Carol Bash-Flowers, Counsel for Vinroy W. Reid     Via Electronic Case Filing

VR King Construction, LLC
c/o Robert Lewis, Jr.
The Lewis Law Firm, P.A.
P.O. Box 1446
Raleigh, NC 27602

This the 5th day of June, 2020.

                                         */s/ A. Burton Shuford*
                                        A. Burton Shuford, NCBN 10035
                                        4700 Lebanon Road, Suite A-2
                                        Mint Hill, NC  28227
                                        Telephone:  (980) 321-7000; Email:  bshuford@abshuford.com